**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TARA SCOTT and WILSON CARTER, INDIVIDUALLY AND AS TRUSTEE OF THE BAILEY MIDDLETON CARTER 2009 TRUST, THE MARY WILSON CARTER 2009 TRUST, and THE WILSON M. CARTER 1988 TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> VANTAGE CORPORATION, VANTAGE ADVISORY MANAGEMENT, LLC, VF(X) LP, TRADELOGIX, LLC, BRIAN ASKEW and GERALD FINEGOLD, <br><br> Defendants. | C.A. No. 17-448-MPT |

## MEMORANDUM ORDER

**I.      INTRODUCTION**

Plaintiffs Tara Scott and Wilson Carter, individually and as Trustee of the Bailey Middleton Carter 2009 Trust, the Mary Wilson Carter 2009 Trust, and the Wilson M. Carter 1988 Trust brought this action against Vantage Corporation, Vantage Advisory Management, LLC ("Vantage Advisory"), VF(x) LP ("VF(x)"), Tradelogix, LLC ("Tradelogix"), Brian Askew, and Gerald Finegold on April 20, 2017 alleging violation of 15 U.S.C. § 771 for the sale of unregistered and non-exempt securities (Count I); violation of O.C.G.A. § 10-5-20 for the sale of unregistered and non-exempt securities (Count II); violation of O.C.G.A. § 10-5-31 for the sale of unregistered and non-exempt securities (Count III); violation of 15 U.S.C. § 771(a)(2) due to alleged

misrepresentations in connection with the issuance of securities (Count IV); breach of fiduciary duty (Count V); negligence (Count VI); and the right to an accounting (Count VII).[1]

Currently before the court is defendants' motion to dismiss plaintiffs' complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.[2]

## II. BACKGROUND[3]

Tara Scott ("Scott") is a citizen of Colorado, while Wilson Carter ("Carter") is a citizen of Georgia.[4] Carter serves as the Trustee for the Bailey Middleton Carter 2009 Trust, the Mary Wilson Carter 2009 Trust, and the Wilson M. Carter 1988 Trust.[5]

Brian Askew ("Askew") resides in Georgia.[6] Askew is an officer and a director of Vantage Corporation.[7] Gerald Finegold ("Finegold") also resides in Georgia, and is a director and the President of Vantage Corporation.[8]

Vantage Corporation is a Delaware corporation.[9] It maintains its principal place of business in Alpharetta, Georgia, but is not registered to do business in Georgia.[10] Vantage Corporation is a technology and investment company which specializes in

---

[1] D.I. 1 at 7-12.
[2] D.I. 7.
[3] The facts contained in this section are primarily from the complaint and plaintiffs' answering brief in response to defendants' motion and are accepted as true consistent with FED. R. CIV. P. 12(b)(6).
[4] D.I. 1 at ¶¶ 1-2.
[5] *Id.* at ¶ 3.
[6] *Id.* at ¶ 8.
[7] *Id.*
[8] *Id.* at ¶ 9.
[9] *Id.* at ¶ 4.
[10] *Id.*

proprietary trading technology.[11] It claims that it can process substantial amounts of real time financial trading data to exploit trading opportunities to generate significant investment returns.[12] In 2014, Vantage Corporation sought outside investor funding.[13] Askew, on behalf of Vantage Corporation, made general solicitations, including allegedly soliciting unaccredited investors.[14] Notably, all solicitations and investments relevant to the present case were made in Georgia.[15] Askew does not hold a securities license nor is he a registered investment advisor.[16]

Vantage Advisory is a Delaware limited liability company.[17] It is a subsidiary of Vantage Corporation and was formed as the investment advisor firm for Vantage Corporation's asset management division.[18] VF(x), a subsidiary of Vantage Corporation, is a Delaware limited partnership, and was formed to operate as an unregistered hedge fund.[19] It is the general partner of Vantage Advisory.[20] Tradelogix is a Delaware limited liability company and a subsidiary of Vantage Corporation.[21]

On January 27, 2016, Carter purchased 476.962702 Class A shares in Vantage Corporation for $1,000,000.00.[22] After executing a Stock Subscription Agreement in connection with this purchase, Carter subsequently invested an additional

---

[11] D.I. 8 at 1.
[12] D.I. 1 at ¶ 12.
[13] *Id.* at ¶ 13.
[14] *Id.*
[15] *Id.* at ¶¶ 15, 18.
[16] *Id.* at ¶ 14.
[17] *Id.* at ¶ 5.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* at ¶ 7.
[22] *Id.* at ¶ 16.

3

$2,000,000.00 in Vantage Corporation.[23] Portions of the investments by Carter were contributed by the Bailey Middleton Carter 2009 Trust, the Mary Wilson Carter 2009 Trust, and the Wilson M. Carter 1988 Trust.[24]

On January 28, 2016, Scott purchased an additional 476.962702 Class A shares in Vantage Corporation for $1,000,000.00.[25] She executed a Stock Subscription Agreement and eventually invested another $1,000,000.00.[26] Between September 29, 2016 and October 24, 2016, Scott sold 262.329485 Class A shares, recouping a part of her investment.[27]

The stock plaintiffs bought is a "security" within the meaning of the Securities Act of 1933, 15 U.S.C. § 77b, and the Georgia Securities Act, O.C.G.A. § 10-5-2.[28] Plaintiffs allege that at the time the stock was sold, it was not subject to an effective registration statement or exempt from registration pursuant to either the Georgia Securities Act or the Securities Act of 1933.[29] Plaintiffs claim that they made these investments and purchased Vantage Corporation stock as the direct result of misrepresentations and omissions by Askew.[30]

Before plaintiffs bought the stock, Askew assured them that "70% of their investment was to be placed in a segregated account for the benefit of each investor."[31]

---

[23] *Id.*; *see also* D.I. 8 at Ex. B.
[24] D.I. 1 at ¶ 17.
[25] *Id.* at ¶ 19.
[26] *Id.*
[27] *Id.* at ¶ 20.
[28] *Id.* at ¶ 25; *see also* 15 U.S.C. § 77b; O.C.G.A. § 10-5-2.
[29] D.I. 1 at ¶ 26; *see also* O.C.G.A. § 10-5-1; O.C.G.A. § 10-5-10; O.C.G.A. § 10-5-12.
[30] *Id.* at ¶ 21.
[31] *Id.* at ¶ 28.

4

Ultimately, plaintiffs' investments were never placed into segregated accounts.[32] Askew also told plaintiffs that Vantage Corporation was raising funds for a general partnership structure, which would allow investors to own the company, its intellectual property, as well as share in future revenue streams.[33] Askew further represented that, through their investment, plaintiffs would become general partners of a Vantage-related entity.[34] However, plaintiffs never became general partners of any of the Vantage-related entities.[35] Instead, plaintiffs are minority shareholders in Vantage Corporation.[36]

Askew also represented to plaintiffs that Vantage Corporation's "systems and strategies reached a level of maturity and stability to invest significantly large amounts of trading capital."[37] He further claimed that Vantage Corporation "held 100% ownership of all the proprietary software and systems or intellectual property needed for its business model."[38] However, TradeVue, LLC ("TradeVue") owned the purported proprietary technology and system.[39] After plaintiffs' invested, Vantage Corporation paid TradeVue $2,447,853.00 for the software and intellectual property.[40] Askew is the sole and managing member of TradeVue, and plaintiffs maintain that he received all or a significant portion of the $2,447,853.00 payment.[41]

Since investing in Vantage Corporation, plaintiffs made multiple inquiries about

---

[32] *Id.* at ¶ 31.
[33] *Id.* at ¶ 32.
[34] *Id.* at ¶ 33.
[35] *Id.* at ¶ 36.
[36] *Id.*
[37] *Id.* at ¶ 37.
[38] *Id.*
[39] *Id.* at ¶ 40.
[40] *Id.* at ¶ 41.
[41] *Id.* at ¶ 40.

5

their role in the company and learn of the sources and uses of their investments.[42] Vantage Corporation and Askew refused to provide plaintiffs any information regarding their investments.[43] In the complaint, plaintiffs tendered back their Vantage Corporation stock to defendants.[44]

## III. GOVERNING LAW

### A. 12(b)(6)

In analyzing a motion to dismiss under FED. R. CIV. P. 12(b)(6), a review of Rule 8(a)(2) is necessary. It requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[45] That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed me accusation."[46] Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[47] The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case.[48] Evaluating a motion to dismiss under Rule 12(b)(6) requires the court to accept as true all material allegations of the complaint.[49] "The issue is not whether a plaintiff will ultimately prevail, but whether the

---

[42] *Id.* at ¶ 42.
[43] *Id.* at ¶ 43.
[44] *Id.* at ¶ 44.
[45] FED. R. CIV. P. 8(a)(2).
[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[47] *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* FED. R. CIV. P. 12(b)(6).
[48] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[49] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

claimant is entitled to offer evidence to support the claims."[50] A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[51]

To survive a motion to dismiss under rule 12(b)(6), the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[52] A plaintiff is obliged "to provide the 'grounds' of his entitle[ment] to relief" beyond "labels and conclusions."[53] Heightened fact pleading is not required: rather "enough facts to state a claim to relief that is plausible on its face" must be alleged.[54] Rejected are unsupported allegations, "bald assertions," or "legal conclusions."[55] Further, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[56] The analysis is a "context-specific task that requires the reviewing

---

[50] *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citations omitted).
[51] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).
[52] *Twombly*, 550 U.S. at 555; *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).
[53] *Twombly*, 550 U.S. at 555.
[54] *Id.* at 570.
[55] *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dimiss.") (citations omitted); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient.); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self evidently false" are not accepted.).
[56] *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 (A court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

court to draw on its judicial experience and common sense."[57] Well-pled facts which only infer the "mere possibility of misconduct" do not show that "the pleader is entitled to relief" under Rule 8(a)(2).[58] "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.[59]

IV.   ANALYSIS

   A.   **Federal Securities Claims (Counts I and IV)**

Plaintiffs assert defendants violated 15 U.S.C. §§ 771 and 771(a)(2) for the sale of unregistered and non-exempt securities and for misrepresentations in connection with the issuance of these securities.[60] Defendants respond that, *inter alia*, these claims are barred by the statute of limitations.[61] Plaintiffs argue their claims are not barred by the applicable statute of limitations because "the bar is not apparent on the face of the complaint" and therefore, dismissal is improper.[62] Plaintiffs allege they made subsequent purchases of Vantage Corporation shares which fall within the limitations' period, pointing to paragraphs 16 and 19 of the complaint in support.[63]

Plaintiffs' claims for violation of the Securities Act of 1933 are barred by the statute of limitations. Claims for the sale of unregistered securities are limited by a one-year limitations period.[64] Furthermore, neither the discovery rule nor equitable tolling

---

[57] *Iqbal*, 556 U.S. at 679.
[58] *Id.*
[59] *Id.*
[60] D.I. 1 at ¶¶ 46, 64.
[61] D.I. 8 at 4-6; D.I. 12 at 1-3.
[62] D.I. 11 at 4.
[63] *Id.*; *see* D.I. 1 at ¶¶ 16, 19.
[64] 15 U.S.C.A. § 77m (West).

8

are applicable.[65] Plaintiffs state they purchased shares on January 27, 2016 and January 28, 2016, but fail to provide the dates of the subsequent purchases which fall within the limitations period in either the complaint or their answering brief.[66] Since plaintiffs' complaint was filed on April 20, 2017, almost four months after the statute of limitations ran, Counts I and IV should be dismissed for failure to state a claim. Accordingly, the court need not address plaintiffs' additional arguments.

Defendants ask the court to decline exercising supplemental jurisdiction over the remaining state claims.[67] In the interests of "judicial economy, convenience, and fairness to the parties," and because neither party has demonstrated hardship, the court denies defendants' request and supplemental jurisdiction is applied to address the state securities claims.[68]

### B. State Securities Claims

#### 1. O.G.C.A. § 10-5-20 (Count II)

Plaintiffs aver defendants violated O.C.G.A. § 10-5-20 by selling Vantage Corporation shares that are not federally covered securities, which makes them subject to proper registration and not exempt from registration.[69] Defendants, on whom the burden of proof lies regarding this issue, argue that the shares are exempt

---

[65] *Pell v. Weinstein*, 759 F. Supp. 1107, 1111 (M.D. Pa. 1991), *aff'd without opinion*, 961 F.2d 1568 (3d Cir. 1992) (The language of the statute militates against the application of either the discovery rule or equitable tolling.).
[66] D.I. 1 at ¶¶ 16, 19; *See generally* D.I. 1; D.I. 11.
[67] D.I. 8 at 11-12.
[68] *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000); *see also United States v. Medco Health Solutions, Inc.*, C.A. No. 11–684–RGA, 2017 WL 63006, at *13 (D. Del. Jan 5, 2017); 28 U.S.C. § 1367.
[69] D.I. 1 at ¶¶ 51-56.

9

from registration.[70] Defendants fail to demonstrate that the shares were exempt from registration.[71] Moreover, raising the issue of exemption during a Rule 12(b)(6) motion to dismiss is "premature."[72] As a result, plaintiffs meet the pleading requirements of Rule 12(b)(6).

### 2. O.C.G.A. § 10-5-31 (Count III)

Plaintiffs maintain defendants violated O.C.G.A. § 10-5-31 because Askew sold Vantage Corporation shares while he was not registered with the Georgia Commissioner of Securities at the time of the sale.[73] Defendants again contend that plaintiffs failed to plead sufficient facts to withstand Rule 12(b)(6) scrutiny, and that the defendant corporations cannot be held liable because the statute only applies to individuals.[74]

Plaintiffs raise a plausible claim to relief for violation of O.C.G.A. § 10-5-31. They clearly allege that Askew transacted business in Georgia as an agent by selling Vantage Corporation shares and was not registered as a securities salesperson or an investment advisor with the Georgia Commissioner of Securities at the time of the sales.[75] Although defendants characterize these assertions as bald legal conclusions in an attempt by plaintiffs to "conjure up a claim," the court finds that these are factual allegations that, when accepted as true, state a plausible claim for relief pursuant to

---

[70] D.I. 8 at 12; *Jenkins v. Fid. Bank*, 365 F. Supp. 1391, 1396 (E.D. Pa. 1973); *Securities and Exch. Commn. v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953).
[71] *See generally* D.I. 8; D.I. 12.
[72] *Jenkins*, 365 F. Supp. 1391, 1396 (E.D. Pa. 1973).
[73] D.I. 1 at ¶¶ 57-62; D.I. 12 at 6-7.
[74] D.I. 8 at 13-14; D.I. 12 at 6-7.
[75] D.I. 1 at ¶ 58.

Rule 12(b)(6).[76]

C.  **Breach of Fiduciary Duty (Count V)**

Plaintiffs argue that defendants owed a fiduciary duty and subsequently breached that duty via the alleged misrepresentations and omissions of Askew.[77] Defendants respond that plaintiffs' claim for breach of fiduciary duty sounds in fraud, and should be dismissed because it fails to meet the heightened pleading requirements of FED. R. CIV. P. 9(b).[78]

Delaware law holds that Rule 9(b) generally does not apply to state law claims for alleged breach of fiduciary duty.[79] Furthermore, Rule 9(b) was not triggered in *In re Fruehauf Trailer Corp.*,[80] a case on which defendants rely, and involved similar allegations that the defendant knew or should have known certain misrepresentations to be false in connection with selling securities.[81] Defendants' argument, therefore, does not support the application of Rule 9(b).

Defendants further contend that plaintiffs' allegations are premised on conduct which occurred before they became stockholders, and as a result, no fiduciary relationship existed.[82] Plaintiffs maintain that their breach of fiduciary duty claim is adequately pled.[83]

---

[76] D.I. 8 at 14.
[77] D.I. 1 at ¶¶ 70-75.
[78] D.I. 8 at 16-17; D.I. 12 at 8- 9; *see also* FED. R. CIV. P. 9(b).
[79] *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 197 (D. Del. 2000).
[80] 250 B.R. 168 (D. Del. 2000).
[81] *See Buckley v. O'Hanion*, C.A. No. 04-955-GMS 2007 WL 956947, at *5 (D. Del. Mar. 28, 2007).
[82] D.I. 8 at 17; D.I. 12 at 8-9.
[83] D.I. 11 at 11-13.

"[F]iduciary duties are imposed on the directors of Delaware corporations to regulate their conduct when they discharge that function."[84] Directors owe a duty of loyalty, due care, and good faith to both the corporation and the shareholders.[85] "The directors' fiduciary duties include the duty to deal with their stockholders honestly."[86]

Plaintiffs adequately plead sufficient facts to show that a fiduciary relationship existed and was breached by defendants. Although certain of the alleged misrepresentations and omissions occurred before plaintiffs bought Vantage Corporation shares, this conduct and the conduct which transpired after the purchase, when accepted as true, show defendants breached their fiduciary duties.[87] Accordingly, plaintiffs' allegations are sufficient under Rule 12(b)(6).

### D.  Negligence (Count VI)

Plaintiffs assert defendants owed a duty of care to them as shareholders and purchasers of Vantage Corporation shares, and defendants breached that duty based on the acts and omissions of Askew.[88] Defendants argue plaintiffs merely recite the elements of negligence devoid of any specific factual allegations that provide the

---

[84] *Malone v. Brincat*, 722 A.2d 5, 9 (Del. Supr. 1998) (citing *Mills Acquisition Co. v. Macmillan, Inc.*, 559 A.2d 1261, 1280 (Del. Supr. 1989)).
[85] *See id.* at 9.
[86] *Id.*
[87] *See* D.I. 1 at ¶¶ 41-43; D.I. 11 at 13 ("Askew violated his fiduciary duties to [p]laintiffs by repeatedly failing to disclose to [p]laintiffs their roles in Vantage Corporation as well as the sources and uses of their funds in the company. Askew also violated his fiduciary duties when he effectively pocketed their investment. Finally, Askew continued to make representations to [p]laintiffs regarding (1) how [p]laintiffs' investments were being used; (2) [p]laintiffs' roles in Vantage; and (3) Vantage's current operational capabilities, including its ownership of relevant software and intellectual property.").
[88] D.I. 1 at ¶¶ 76-82; D.I. 11 at 14.

required notice of the claim against them.[89]

Plaintiffs plead sufficient factual allegations to state a claim for relief. In their complaint, they allege Askew represented that 70% of their investment would be kept in separate accounts, by investing they would become general partners in Vantage Corporation, and Vantage Corporation owned 100% of its proprietary software, to induce Carter and Scott to invest.[90] These representations, which are asserted as untrue and occurred after the purchase of Vantage Corporation shares, are sufficient to raise a claim to satisfy the pleading requirements for a claim of negligence.[91]

### E. Accounting (Count VII)

Count VII in plaintiffs' complaint is a claim for accounting.[92] Defendants argue that because plaintiffs fail to adequately plead breach of fiduciary duty, the accounting claim should be dismissed.[93] Conversely, plaintiffs assert since they adequately pled breach of fiduciary duty, they are entitled to an accounting to determine the amount of damages sustained.[94]

Delaware law recognizes accounting as an equitable remedy rather than an equitable claim.[95] Whether plaintiffs are entitled to an accounting is dependent on the

---

[89] D.I. 8 at 18; D.I. 12 at 9-10.
[90] D.I. 1 at ¶¶ 28-30, 32-35, 37-39.
[91] *Fanean v. Rite Aid Corp. of Del.*, 984 A.2d 812, 823 (Del. Super. 2009) (A claim of negligence requires a showing of duty, a breach of that duty, proximate causation, and damages.).
[92] D.I. 1 at ¶¶ 83-88.
[93] D.I. 8 at 18-19; D.I. 12 at 10.
[94] D.I. 1 at ¶¶ 83-88; D.I. 11 at 15.
[95] *Garza v. Citigroup Inc.*, 192 F. Supp. 3d 508, 512 (D. Del. 2016), *reconsideration denied sub nom. Lopez Garza v. Citigroup, Inc.*, C.A. No. 15-537-SLR, 2016 WL 7197364 (D. Del. Dec. 9, 2016).

success of their claim for breach of fiduciary duty.[96] Since the court previously determined that plaintiffs' claim for breach of fiduciary duty is adequately pled, their request for an accounting is sufficiently pled.

### F. Opportunity to Amend

Plaintiffs request that should this court find any claim inadequately pled, dismissal should be without prejudice with leave to amend.[97] Defendants maintain that plaintiffs' claims be dismissed with prejudice.[98] Plaintiffs' complaint was filed on April 20, 2017. Roughly two months later on June 26, 2017, defendants' present motion was filed.[99]

In light of the above and consistent with principles of *Foman v. Davis* and FED. R. CIV. P. 15(a)(2), plaintiffs' leave to amend is granted.[100]

## V. CONCLUSION

For the foregoing reasons, it is ORDERED and ADJUDGED that:

1. Defendants' motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted (D.I. 7) be GRANTED as to counts I and IV and DENIED as to counts II, III, V, VI, and VII.

2. Plaintiffs' request for leave to amend (D.I. 11) be GRANTED. The amended

---

[96] *Garza*, 192 F. Supp. 3d 508, 512 (D. Del. 2016); *see also Rhodes v. Silkroad Equity, LLC*, Civ. No. 2133–VCN, 2007 WL 2058736, at *11 (Del. Ch. July 11, 2007).
[97] D.I. 11 at 15.
[98] D.I. 8 at 2.
[99] D.I. 1; D.I. 7.
[100] 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

complaint shall be filed on or before September 22, 2017.

Dated: August 15, 2017                      <u>/s/ Mary Pat Thynge</u>
                                                           CHIEF U.S. MAGISTRATE JUDGE