# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TARA SCOTT and WILSON CARTER, INDIVIDUALLY AND AS TRUSTEE OF THE BAILEY MIDDLETON CARTER 2009 TRUST, THE MARY WILSON CARTER 2009 TRUST, and THE WILSON M. CARTER 1988 TRUST, | : | |
| Plaintiffs, | : | |
| v. | : | C. A. No. 17-448-MPT |
| VANTAGE CORPORATION, VANTAGE ADVISORY MANAGEMENT, LLC, VF (X) LP, TRADELOGIX, LLC, BRIAN ASKEW, and GERALD FINEGOLD, | : | |
| Defendants. | : | |
| DOUGLAS A. DUNCAN, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 18-288-GMS |
| VANTAGE CORPORATION, VANTAGE ADVISORY MANAGEMENT, LLC, VF (X) LP, TRADELOGIX, LLC, BRIAN ASKEW, and GERALD FINEGOLD, | : | |
| Defendants. | : | |

**Memorandum Order**

A motion for consolidation was filed on April 25, 2018 in these related matters on behalf of plaintiff Duncan. D.I. 76 in 17-448-MPT and D.I. 15 in 18-288-GMS. The *Scott* matter was filed on April 20, 2017, while the *Duncan* matter was filed almost a year later on February 20, 2018. As noted in the motion, the original complaints are mirror images of each other. *See* D.I. 76 at ¶ 5 in 17-448-MPT. However, in *Scott*,

plaintiffs filed a propose second amended complaint which includes allegations not asserted by plaintiff in *Duncan*.[1] A decision by this court on plaintiffs' second motion to amend could change the landscape of the *Scott* matter.

Plaintiffs in these cases are represented by two different law firms. The *Scott* matter was assigned to this judge and the *Duncan* case was assigned to Judge Sleet. It is unclear why these related matters were assigned to two different judges. The motion to consolidate is opposed by plaintiffs in the *Scott* case. See D.I. 86 in 17-448-MPT and D.I. 17 in 18-288-GMS. In *Scott*, a scheduling order was entered on February 28, 2018, while no scheduling order has been entered in *Duncan*.[2] The parties in *Scott* began discovery, including the filing and answering of multiple requests for production and interrogatories, along with serving subpoenas on third parties. According to the docket in *Duncan*, it does not appear that any discovery has occurred.[3]

Most importantly, only the parties in *Scott* consented to the jurisdiction of this Magistrate Judge: the parties in *Duncan* have not. D.I. 5.

Therefore,

IT IS ORDERED that *Duncan's* motion to consolidate is denied in 17-448-MPT.

Dated: August 7, 2018              /s/ Mary Pat Thynge
                                   Chief U.S. Magistrate Judge Mary Pat Thynge

---

[1] D.I. 69 in 17-448-MPT. The motion to amend is opposed by defendants in *Scott*. D.I. 77 and has been fully briefed.

[2] The court notes that the scheduling order in *Scott* will be modified in the near future, resulting in extensions to the original scheduling order, but at this stage, the modifiation does not change the court's conclusion.

[3] That the *Scott* matter was temporarily stayed for a period of time, approximately seventy (70) days due to the Vantage defendants' bankruptcy proceedings, although relevant, does not affect the court's decision.