IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARA SCOTT and WILSON CARTER, INDIVIDUALLY AND AS TRUSTEE OF THE BAILEY MIDDLETON CARTER 2009 TRUST, THE MARY WILSON CARTER 2009 TRUST, and THE WILSON M. CARTER 1988 TRUST,<br><br>  Plaintiffs,<br><br>  v.<br><br>VF(X) LLP, VANTAGE ADVISORY MANAGEMENT, LLC, VF(X) LP, TRADELOGIX, LLC, BRIAN ASKEW, and GERALD FINEGOLD.<br><br>  Defendants.<br><br>VANTAGE CORPORATION, BRIAN ASKEW, AND GERALD FINEGOLD,<br><br>  Counterclaim-Plaintiffs,<br><br>  v.<br><br>TARA SCOTT and WILSON CARTER, INDIVIDUALLY AND AS TRUSTEE OF THE BAILEY MIDDLETON CARTER 2009 TRUST, THE MARY WILSON CARTER 2009 TRUST, and THE WILSON M. CARTER 1988 TRUST,<br><br>  Counterclaim-Defendants. | C.A. No.17-448-MPT<br><br>**PUBLIC VERSION**<br>**FILED MAY 13, 2019** |

**PLAINTIFFS' MOTION FOR SANCTIONS**
**RELATING TO THE DEPOSITIONS OF GERALD FINEGOLD**

Plaintiffs Tara Scott and Wilson Carter, individually and as Trustee of the Wilson M. Carter 1988 Trust, move this Court for sanctions, including the fees and expenses incurred in conducting the depositions of Gerald Finegold taken on October 25, 2018 (the "First Finegold Deposition") and on February 1, 2019 (the "Second Finegold Deposition"). Plaintiffs seek relief pursuant to

this Court's Order of November 21, 2018 (D.I. 141) and Federal Rules of Civil Procedure 30(d)(2) and 37. In support of the present motion, Plaintiffs submit the Declaration of S. Lawrence Polk ("Polk Declaration") and show the following:

## **STATEMENT OF FACTS**

The First Finegold Deposition

Plaintiffs conducted the First Finegold Deposition on October 25, 2108. As set forth in Plaintiffs' letter to the Court dated November 15, 2018 (D.I. 138), Finegold's testimony was marred by repeated examples of evasion and dissembling. For example, Finegold wasted thirty-four pages of deposition testimony by refusing to properly respond to questions concerning his understanding of the term "accredited investor" and repeatedly indicated, under oath, that he did not understand the term "income." First Finegold Deposition at 72:6-106:23.

The November 21, 2018 Discovery Conference

Because of Finegold's conduct, Plaintiffs sought relief from the Court in the form of additional deposition time and recovery of the fees and expenses incurred during the First Finegold Deposition. The Court indicated during the Discovery Conference that it was "kind of amazed at Mr. Finegold's responses" and "I just could not believe that he…had no idea what the heck he meant by income." November 21 Transcript at 57. The Court ordered Finegold to appear for an additional seven hours of deposition, and warned that further misconduct would be sanctioned. *Id.* at 58. Finally, the Court asked Plaintiffs' counsel to submit detail showing the fees and expenses incurred for preparing and conducting the First Finegold Deposition, and his resumed deposition. *Id.* at 61.

The Second Finegold Deposition

Mr. Finegold's second deposition was taken on February 1, 2019. Unfortunately, the Court's admonitions concerning his conduct went unheeded; indeed, Finegold's behavior was even more egregious during his second deposition. Attached as Exhibit C to the Polk Declaration are examples of Finegold's continued evasiveness, refusal to respond to questions, and his practice of answering questions with rote, memorized responses followed up with his refusal to answer. To make matters worse, Finegold engaged in a practice of demanding that his testimony stop while he asked the Court reporter to read back questions, sometimes even asking that a question be repeated multiple times; by the end of the deposition, Finegold had asked for over sixty questions to be read back to him by the court reporter. As a result of his tactics, Plaintiffs were forced to spend another seven hours deposing Finegold, and still were not able to secure proper responses throughout the deposition.

Finegold Attempts to Change the Testimony in His First Deposition

As noted by the Court, Finegold was incapable of understanding the term "income" during his first deposition. After over thirty pages of evasive answers, Finegold finally admitted that he had no understanding in 2016 of the income requirements to be an accredited investor. First Finegold Deposition at 106:13-18.

On February 19, 2019, Plaintiffs filed their Motion for Partial Summary Judgment (D.I. 156) and supporting brief (D.I. 157). At page 9 of the Brief, Plaintiffs cite to Finegold's testimony at page 106 of his first deposition where he admits that he did not know during 2016 the income requirements to be considered an accredited investor.

After the filing of this brief, Finegold experienced a remarkable improvement in his memory: he was able to understand the meaning of the term "income" and the precise income

requirements in 2016 to qualify as an accredited investor. Attached as Exhibit "D" to the Polk Declaration is an email received on April 9, 2019 from the court reporter for the First Finegold Deposition, attaching Finegold's untimely errata sheet that was notarized on March 15, 2019. In that errata sheet, Finegold attempted to "clarify" the testimony that appears at page 106 of the First Finegold Deposition to read as follows:

> In 2016, my then knowledge of accredited status as it pertains to the income requirement was that an investor was required to earn 200,000 of income as an individual and 300,000 of income if the investor was as joint owner like husband and wife and these requirements were for the 2 previous years prior to the investment. My current knowledge of accredit status is the same. I currently have no different view of what the income requirements were in 2016.

Polk Declaration Ex. D at 2.

## ARGUMENT AND CITATION OF AUTHORITY

The Court previously ruled in the November 21, 2018 discovery conference that Finegold's conduct during his first deposition was improper, ordered him to submit to another deposition, and asked Plaintiffs to submit an itemization of their fees and expenses incurred preparing for and conducting his two depositions. That ruling was made an Order of the Court (D.I. 141). Plaintiffs submit, as Exhibits A and B to the Polk Declaration, their fees and expenses relating to both depositions.

Finegold continued to violate the Court's Order by his improper and evasive testimony in his second deposition, and by his improper "clarification" to his prior testimony. Consequently, pursuant to Federal Rules of Civil Procedure 37(b) he is subject to additional sanctions, including a finding that he is in contempt of Court, or directing that certain designated facts be taken as established, striking his Answer, entry of default judgment, and payment of expenses. At this juncture, it is apparent that Finegold simply will not abide by his discovery obligations, and will

continue to game the process through his evasive responses, incomplete responses, and subsequent "clarifications" designed to thwart entry of summary judgment against him.

## CONCLUSION

Based upon the foregoing, Defendant Finegold should be required to pay, within ten days of the Court's Order, the sum of $14,406.80 as the fees for preparing for and conducting the First Finegold Deposition, $10,132.00 as the fees for preparing for and conducting the Second Finegold Deposition, court reporter's fees for both depositions in the combined amount of $7,206.95, and for such additional relief as the Court deems appropriate for Finegold's violations of the November 21, 2018 discovery order.

**MORRIS JAMES LLP**

| OF COUNSEL: | /s/ *Meghan A. Adams* |
|---|---|
| | P. Clarkson Collins, Jr. (#739) |
| | Meghan A. Adams (#4981) |
| **EVERSHEDS SUTHERLAND (US) LLP** | 500 Delaware Avenue, Suite 1500 |
| S. Lawrence Polk (admitted *pro hac vice*) | Wilmington, DE 19801 |
| Charlotte M. Bohn (admitted *pro hac vice*) | (302) 888-6800 |
| 999 Peachtree Street NE | *pcollins@morrisjames.com* |
| Atlanta, GA 30309 | *madams@morrisjames.com* |
| (404) 853-8000 | |
| *larrypolk@eversheds-sutherland.com* | Attorneys for Plaintiffs Tara Scott and |
| *charlottebohn@eversheds-sutherland.com* | Wilson Carter, Individually and as Trustees |
| | of the Bailey Middleton Carter 2009 Trust, |
| | the Mary Wilson Carter 2009 Trust, and the |
| Dated: May 8, 2019 | Wilson M. Carter 1988 Trust |

10928836/1

## RULE 7.1.1 CERTIFICATE

Pursuant to Local Rule 7.1.1, counsel for Plaintiffs certify that they conferred with counsel for Gerald Finegold on May 3, 2019 and that a reasonable effort was made to reach an agreement on the matters set forth in this motion, but counsel were unable to reach an agreement resolving this motion.

*/s/ Meghan A. Adams*
Meghan A. Adams (#4981)
